# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

BEVERLY KEISTER,

    Plaintiff,

v.                                          CASE NO. 4:08cv462-RH/WCS

BRENT X. THURMOND,
etc.,

    Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

In this case a public employee alleges that she was fired shortly after—and in retaliation for—running for public office. The defendant employer has moved to dismiss the complaint for failure to state a claim on which relief can be granted. I deny the motion.

The Supreme Court recently set forth the standard governing motions to dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550

>U.S. \_\_, 127 S. Ct. 1955, 167 L. Ed. 2d. 929 (2007) (slip op., at 7-8) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.  *Bell Atlantic Corp.*, *supra*, at \_\_, 127 S. Ct. 1965 (slip op., at 8-9) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).

*Erickson v. Pardus*, \_\_ U.S. \_\_,127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

A complaint thus "does not need detailed factual allegations."  *Twombly*, 127 S. Ct. at 1964.  Nor must a complaint allege with precision all the elements of a cause of action.  *See Swierkiewicz*, 534 U.S. at 514-15 (rejecting the assertion that a Title VII complaint could be dismissed for failure to plead all the elements of a prima facie case).

But neither is a conclusory recitation of the elements of a cause of action alone sufficient.  A complaint must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 127 S. Ct. at 1965.  A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief.  *Id.* at 1966.  In sum, the complaint must set forth facts—not mere labels or conclusions—that "render plaintiffs' entitlement to relief plausible."  *Id*. at 1973 n.14.

Judged by these standards, the plaintiff's complaint in the case at bar is

*Case No: 4:08cv462-RH/WCS*

sufficient. She alleges that she ran for office and, in the process, made statements on matters of public concern. This seems not only plausible but likely. The defendant criticizes the complaint's failure to allege the content of the statements, but this is the kind of specific fact that, under *Erickson* and similar cases, need not be included in the complaint.

The plaintiff alleges that the defendant began treating her worse when she returned to work after the election and that the defendant fired the plaintiff "shortly thereafter." Compl. at 3 ¶8. Though it would have been better to allege precisely *when* she was fired, this is a detail that the defendant presumably knows and in any event can discover. A close temporal relationship between protected speech and an adverse employment action is sometimes sufficient, standing alone, to take a retaliation claim to the jury. The allegation of a close temporal relationship here—especially when coupled with the plaintiff's allegation that after her protected conduct the defendant immediately began to treat her worse on a day-to-day basis—is sufficient to render "plausible" the conclusion that she was fired in retaliation for the protected conduct. For purposes of the motion to dismiss, nothing more is required.

This does not mean, of course, that the defendant cannot obtain any needed additional detail. To the contrary, discovery is available for this very purpose. Nor does the liberal pleading standard mean unfounded claims cannot be dealt with

effectively.  *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168-69, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993) (reversing dismissal of complaint for failure to plead with sufficient detail and adding, "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later"). The plaintiff should expect to respond fully and promptly to contention interrogatories or other discovery requests designed to ferret out the full scope of and basis for the plaintiff's claim.

 For these reasons,

 IT IS ORDERED:

The defendant's motion to dismiss (document 5) is DENIED.

SO ORDERED on November 11, 2008.

        s/Robert L. Hinkle
        Chief United States District Judge